Eugene LAUE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 46509, 46510.

Court of Criminal Appeals of Texas.

March 14, 1973.

John U. Hemmi, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Felder, and Michael P. Hodge, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was tried simultaneously before the court on charges of robbery by assault and burglary with intent to commit theft. A plea of guilty was entered in each cause. Appellant received a sentence of five years for each offense.

Four grounds of error are alleged in the single brief filed in the trial court.

Appellant first charges that "the trial judge failed to advise the defendant of his right to a jury assessment of his sentence." Appellant correctly states that since he entered a plea of guilty before the court, Art. 26.14, Vernon's Ann.C.C.P. is applicable and not Art. 37.07. Morales v. State, 416 S.W.2d 403 (Tex.Cr.App.1967). Art. 26.14 states:

"Where a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, un-

less the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury."

 In the present case, the appellant waived his right to a jury trial. Further, in his application for probation, appellant requested the *court* to grant probation in the event of his conviction. The record does not reflect a request to have a jury pass on this issue. This Court has held that it is not necessary for the trial court to inform the defendant as to any right he had to elect to have a jury instead of the court pass upon his application for probation when admonishing him as to the consequences of his plea. Johnson v. State, 445 S.W.2d 211 (Tex.Cr.App.1969).

 Appellant next contends that his plea of guilty was not voluntarily made, since he was undergoing treatment for narcotics addiction and was incapable of making a voluntary plea. Appellant concedes that his addiction problem and the voluntariness of the plea are not a part of the record before this Court. The record does reflect that appellant was duly admonished before his plea was accepted and his counsel stated that he was of sound mind and capable of assisting him in the preparation of his case. The record does not bear out appellant's contention.

In ground #3, appellant charges that "the trial judge sentenced the defendant without proper consideration of the evidence available to him." Appellant alleges that the trial judge only "went through the motions of a probation hearing" and acted arbitrarily. The record reflects that the trial judge reviewed appellant's application for probation and made a finding denying such application. Appellant has not supported his claim.

 Lastly, appellant argues that the trial judge failed to grant him credit for "good time" while his appeal is pending. He states that he is currently receiving credit only for "straight time," i. e., credit for the actual number of days spent in confinement. This Court has held that the trial judge has no authority to grant "good time" credit for time spent in the county jail pending appeal. State ex rel. Vance v. Clawson, 465 S.W.2d 164 (Tex.Cr.App. 1971) cert. denied, 404 U.S. 910, 92 S.Ct. 226, 30 L.Ed.2d 182 (1971); Valdez v. State, 479 S.W.2d 927 (Tex.Cr.App.1972).

Finding no reversible error, the judgments are affirmed.