Thomas Henry MOTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 52086.

Court of Criminal Appeals of Texas.

Sept. 15, 1976.

Floyd W. Freed, III, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Phyllis M. Bell and Robert Ross, Jr., Asst. Dist. Attys.,

Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for aggravated rape. Appellant was tried before a jury which found him guilty. Punishment was assessed by the trial court at fifty (50) years in the Texas Department of Corrections.

In his first ground of error appellant asserts that the trial court erred in assessing his punishment at fifty years because the court considered testimony concerning two extraneous offenses which were not final convictions.

■ Appellant timely elected to have the court assess his punishment pursuant to Art. 37.07, V.A.C.C.P. During the punishment phase of the trial the defendant called a psychiatrist to testify about special work being done with sexual offenders in the Texas Department of Corrections. The doctor gave his opinion about the probability of rehabilitation under this special program and about the effects of a long sentence on possible recidivism. The court then queried the doctor about his opinion concerning the relationship between the seriousness of a crime and the length of the sentence. The court then noted the possible range of punishment for aggravated rape and commented that "the testimony has shown in this case that on several other occasions after this offense that the Defendant did the same act upon minors, on children . . ." It is this reference which appellant contends is indicative that the court was considering the extraneous offenses which were not final convictions. We cannot agree.

■ The comment was made to test the doctor's opinion on the seriousness of a crime and the relative value of long sentences as opposed to short sentences in the rehabilitation of criminals. The trial court is presumed to have disregarded any inadmissible evidence. *Branch v. State*, 465

S.W.2d 160 (Tex.Cr.App.1971). The sentence of fifty years is within the permissible range of punishment for aggravated rape, a first degree felony. V.T.C.A. Penal Code, Sec. 12.32. *Green v. State*, 510 S.W.2d 919 (Tex.Cr.App.1974).

Appellant's first ground of error is overruled.

■ In his second ground of error appellant contends that the trial court erred "in that the defendant was arraigned in the presence of the jury." This ground of error is wholly without merit. We have reviewed the record and find that the court properly arraigned the appellant out of the presence of the jury in accordance with Art. 26.11, V.A.C.C.P. A jury was then impanelled and the indictment was read in their presence by the State's prosecuting attorney in accordance with Art. 36.01, V.A.C.C.P., and appellant properly entered his plea in the presence of the jury.

Appellant's second ground of error is overruled.

■ In his third ground of error appellant contends that the evidence is insufficient to show penetration. The prosecutrix testified that appellant was the man who had raped her, who had forced her to have sexual intercourse with him at gunpoint. She was asked by the State's attorney if appellant "put his private part in your private part" and prosecutrix responded "yes." The medical report from the hospital where the prosecutrix was examined within two hours of the rape indicated the presence of sperm in the vaginal area. We find the evidence sufficient to show penetration. *Sherbert v. State*, 531 S.W.2d 636 (Tex.Cr. App.1976); *Clay v. State*, 518 S.W.2d 550 (Tex.Cr.App.1975).

Appellant's third ground of error is overruled.

■ In his fourth and final ground of error appellant contends that the medical records of Ben Taub Hospital were inadmissible because they were not properly authenticated under Art. 3737e, V.T.C.A. Mildred Srkala, custodian of medical

records for Ben Taub Hospital, testified that the records were under her care, custody and control at Ben Taub Hospital; that they were prepared in the regular course of business at the hospital; that they were prepared at the time of the examination of the prosecutrix by a physician who examined her. The records were properly authenticated. *Gassett v. State*, 532 S.W.2d 328 (Tex.Cr.App.1976); *Lumpkin v. State*, 524 S.W.2d 302 (Tex.Cr.App.1975).

Appellant's fourth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.