**Darrell Wayne McAFEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14-81-019-CR**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 12, 1981.

J. Philip Scardino, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This is an appeal from the conviction by jury for aggravated rape and the 50–year sentence imposed by the court. We affirm.

Appellant presents four grounds of error for review. First, without disputing that the evidence is sufficient to support a conviction for rape under section 21.02 of the Texas Penal Code, appellant contends that the evidence is insufficient to prove that the rape was committed under aggravating circumstances as required by section 21.03.

The Texas Court of Criminal Appeals has held the evidence sufficient to prove that a rape is aggravated when there is a showing that (1) a gun or knife was used, (2) a threat to kill the victim was made, or (3) serious bodily injury was inflicted. *Rogers v. State*, 575 S.W.2d 555 (Tex.Cr.App.1979). Only where the proof does not show that any of these acts occurred has the Court of Criminal Appeals held the evidence is insufficient as to the aggravating circumstances. *Id.* The question here is whether a sufficient threat of imminent harm was made to show that the rape was aggravated.

Both the complaining witness and her companion involved in this incident testified that the appellant told them he had a knife and a gun. Neither witness claims that appellant actually displayed a knife or a gun. The complainant also testified that, as appellant drove her to the place where the rape took place, he told her "quit crying or I will kill you," and that appellant hit her repeatedly and continued to threaten her, saying he would "beat her ass" if she tried to get out of the car.

Appellant argues these facts are similar to those in *Rogers v. State* and *Blount v. State*, 542 S.W.2d 164 (Tex.Cr.App.1976), in which no weapon was displayed and the evidence was held to be insufficient to prove a threat. We cannot agree. In *Rogers* there was no express threat to kill the complainant. In *Blount* the complainant testified she was not threatened with a knife prior to the rape but a verbal threat was made after the rape, the defendants telling her they would come back and kill her if she told. In the present case an express threat to kill the complainant was made prior to the rape.

Appellant also urges that the threat of death, made 30 to 45 minutes before appellant raped complainant, was not a threat of imminent harm made with reference to the rape. Where a knife is displayed and is then put away, it has been held that the threat of the use of that weapon continues throughout the episode. *Jackson v. State*, 591 S.W.2d 820 (Tex.Cr.

App.1979); *Orosco v. State*, 590 S.W.2d 121 (Tex.Cr.App.1979). In the present case appellant persuaded complainant and her companion to give him a ride to a service station. Once they were underway, he told the women he had a knife and a gun. Appellant forced complainant to stay in the car with him, drove for approximately 30 to 45 minutes, threatening her as outlined above, and then stopped the car and raped her. In our opinion the combination of the statement by appellant that he had a gun and a knife, the express threat to kill complainant, and the continuing pattern of physical abuse and threats, all of which were a part of the episode which culminated in rape, is sufficient to constitute a threat of imminent infliction of serious bodily injury and death as charged in the indictment.

In his third and fourth grounds of error, appellant contends that the trial court erred in failing to grant defense motions for mistrial when the State withdrew its Exhibits 6 and 7.

■ Generally, error in admitting improper evidence may be corrected by withdrawal and a prompt instruction to the jury to disregard the evidence. *Smith v. State*, 540 S.W.2d 693 (Tex.Cr.App.1976); *Harris v. State*, 375 S.W.2d 310 (Tex.Cr.App.1964). An exception to the general rule arises in extreme cases where it appears that the improperly admitted evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors. Id.

State's Exhibit 6 was a known hair sample from complainant's companion; Exhibit 7 was a rape kit. When each exhibit was offered into evidence, defense attorney objected to the court's admitting those exhibits into evidence subject to later proof of chain of custody. As to the hair sample, testimony was elicited from the Houston Police Department chemist that the hair sample had similar characteristics to Exhibit 5 (a hair sample which had been found on appellant's person) but that it could not be said that it came from the same head. As

to the rape kit, the same witness described the kit and testified that no seminal stains or spermatozoa were shown to be present. After a brief recess, the State asked to withdraw Exhibit 6; the court instructed the jury to disregard that evidence, then overruled defense attorney's motion for mistrial, and again instructed the jury to disregard the evidence. Essentially the same sequence of events subsequently took place as to Exhibit 7.

■ Appellant argues, as he did before the trial court, that because the jury heard testimony in regard to the two exhibits before they were withdrawn, the jury was unable to follow the court's instruction to disregard the evidence and was influenced to appellant's prejudice. While we would not want to encourage the State to make a practice of introducing and then withdrawing improper evidence, it is our opinion that the facts here fit the general rule. The testimony as to the hair sample was not conclusive and is not evidence of the type which would inflame the minds of the jury. The testimony as to the rape kit was as likely to benefit appellant as to prejudice him. Therefore, we conclude that the trial court's instruction to disregard sufficed to cure the error.

In his second point of error appellant contends that the trial judge abused his discretion by considering a prior criminal record in assessing appellant's sentence, when no evidence of any such record was before the court.

■ It is the general rule that when the sentence assessed by the trial court comes within the range of punishment prescribed by the legislature, it will not be disturbed on appeal. *Nunez v. State*, 565 S.W.2d 536 (Tex.Cr.App.1978). The assessed sentence of 50 years is within the permissible range of punishment for aggravated rape, a first degree felony. Tex.Penal Code Ann. § 12.-32 (Vernon 1974).

■ Appellant elected to have the court assess punishment. After the jury returned its verdict of guilty, the State reoffered all the evidence it had introduced

during its case in chief and rested; the defense called no witnesses. The record reveals neither the introduction of evidence nor comment by counsel with reference to any prior criminal record of appellant. After hearing arguments, the court reviewed the history of the range of punishment for the crime of rape and noted that appellant is "very fortunate that he lives in a day and an age when he is free from the threat of the death penalty" for this offense. The judge further discussed the facts of the case, and said that the jury rendered a great service "when they found this man guilty of the terrible offense which he committed." The judge then stated:

> After full consideration and after due deliberation, taking into consideration the relevant facts and circumstances and the background of this defendant, *the criminal record of this defendant*, I'm going to assess his punishment at confinement in the Texas Department of Corrections for a term of fifty years. (Emphasis added)

When the trial court acts as finder of fact, the court is presumed to have disregarded any inadmissible evidence. *Kimithi v. State*, 546 S.W.2d 323 (Tex.Cr.App.1977); *Moton v. State*, 540 S.W.2d 715 (Tex.Cr. App.1976). Appellant contends, as did the appellant in *Moton*, that such a presumption cannot stand when the court expressly considers extraneous matters not properly in evidence. In *Moton* the Court of Criminal Appeals concluded that the trial court's comment, which was subject to more than one interpretation, was made to test a witness's opinion and that the trial court was presumed to have disregarded inadmissible evidence. Given the fact that the record before us reveals no evidence of any criminal record before the court, and given the context in which the court's statement was made, it is reasonable to interpret that comment as indicating that the court was noting the *absence* of evidence of a prior criminal record in assessing a sentence short of the permissible maximum. We therefore overrule appellant's second ground of error and presume that the trial court, in assessing sentence, did properly disregard any inadmissible evidence.

The judgment of the trial court is affirmed.