**Robert Mitchell JENNINGS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–81–0404–CR to 01–81–0406–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 9, 1982.

Tom White, Houston, for appellant.

J. Sidney Crowley, Andy Tobias, John B. Holmes, Jr., Houston, for appellee.

Before JACK SMITH, BASS and DYESS, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a conviction of two counts of aggravated robbery and a conviction of burglary of a habitation. The appellant was initially charged with burglary of a habitation, theft, and four counts of aggravated robbery. Additionally, a prior aggravated robbery conviction was alleged for enhancement. The appellant and the State filed pre-trial motions for a psychiatric examination to determine the appellant's competency to stand trial and his sanity at the time of the commission of the alleged offense.

At trial, the State moved to abandon the theft charge, two counts of aggravated robbery and the enhancement allegation. The appellant entered pleas of nolo contendere to the burglary charge and to the two remaining counts of aggravated robbery. No other plea agreement was made. The appellant signed a written stipulation of the facts for each charge. The court found the appellant guilty of each charge and reset the hearing so that an investigation and a presentence investigation (PSI) report could be made.

The record does not contain a transcript of the punishment proceedings and the docket sheet does not reflect the appearance of witnesses. The PSI report, contains a summary of the police offense reports on each charge. This summary contains the following information: On May 2, 1978, the appellant robbed a Church's Fried Chicken store at gunpoint. On May 8, 1978, the appellant robbed an H. Salt Fish & Chips store at gunpoint, pistol whipped an employee, and forced two employees into a cooler. Later that day, the appellant was observed by a police officer leaving a house through the front door. The officer shouted for the appellant to stop, at which time the appellant raised his hands and continued walking to a car. The officer placed the appellant in custody. The owner of the house later stated that the appellant was wearing clothes stolen from his house.

Two psychiatric examination reports concerning the appellant's mental competency were admitted into evidence. These examinations reflected that the appellant had an I.Q. of 65, and had a mild organic brain dysfunction. Notwithstanding these findings, both doctors were of the opinion that the appellant was competent to stand trial. The impression of both doctors was that the appellant was voluntarily attempting to appear mentally impaired.

The appellant asserts three grounds of error based on the admission of the psychiatric examination reports, the admission of the PSI report, and alleges ineffective assistance of counsel.

The appellant first contends that the introduction of the psychiatric examination reports when he entered his plea, and their summarization in the PSI report, violated his Fifth Amendment right against self-incrimination. In support of this contention, he relies on the recent Supreme Court case, *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). In *Smith*, the State introduced testimony during the punishment stage from a doctor who conducted the defendant's court-ordered psychiatric examination. The Court held that the admission of this testimony, as substantive evidence during the punishment stage of the proceedings, violated the defendant's Fifth Amendment right against self-incrimination. The Court further held that the defendant should have been warned that he had the right to remain silent and that any statement made by him could be used against him at trial. However, this holding was limited to the situation where the findings of the psychiatric examination are used as substantive evidence against the defendant. *Smith, supra* 101 S.Ct. at 1875, 1876.

In the instant case, the record reflects that the psychiatric reports were reviewed by the trial court to determine the appellant's competency to stand trial. In *Smith,* the Supreme Court specifically excepted examinations used for this limited purpose from the warning requirement. 101 S.Ct. at 1874. We hold that there was no error in the admission of the psychiatric examination reports for the limited purpose of determining the appellant's competency.

The appellant also contends that the use of the psychiatric examination reports at the punishment hearing violated his Fifth Amendment rights. We find no evidence in the record that these reports were considered at that hearing.

A more difficult question is presented by the appellant's contention that the inclusion of the summarization of the psychiatric examination in the PSI report violated his Fifth Amendment right against self-incrimination. The State argues that *Estelle v. Smith, supra,* limited the warning requirement for psychiatric examinations to capital cases in which there is the possibility of the

imposition of the death penalty. It further argues that the appellant waived any error by failing to object to the inclusion of the summarization of the psychiatric examination in the PSI report.

We note that the Supreme Court stated in *Estelle v. Smith, supra,* that

... we do not hold that the same Fifth Amendment concerns are necessarily presented by all types of interviews and examinations that might be ordered or relied upon to inform a sentencing determination.

101 S.Ct. 1866, 1876 N. 13.

This statement would appear to support the State's contention that the holding of *Estelle v. Smith* should not be extended to the circumstances of the instant case. An examination of the Texas cases which have followed *Estelle v. Smith, supra,* discloses that the warning requirement for psychiatric examinations has been limited to those cases, wherein the imposition of the death penalty is a possibility. *See, Clark v. State,* 627 S.W.2d 693 (Tex.Cr.App.1981); *Fields v. State,* 627 S.W.2d 714 (Tex.Cr.App.1982).

 The failure to specifically object to the use of evidence based on unwarranted psychiatric examination does not waive error. *Estelle v. Smith,* 101 S.Ct. 1866, 1876 N. 12. In the instant case, however, the appellant not only failed to make an objection to the inclusion of the summary of the findings of the psychiatric examination in the PSI report, but it was at his instance that the PSI report was prepared. He cannot now complain that he was forced to incriminate himself when it was at his request that the PSI report was prepared. We hold that in a non-capital murder case, where the appellant has requested a presentence investigation report and fails to object to its content, the appellant waived his rights under the Fifth Amendment. The appellant's first ground of error is overruled.

The appellant asserts in his second ground of error that he was denied effective assistance of counsel. He first complains that his trial counsel failed to request another independent psychological report and failed to move for a competency hearing under Art. 46.02 of the Code of Criminal Procedure. The record reveals that two doctors examined the appellant to determine his mental competency. Each doctor conducted his examination of the appellant out of the presence of the other doctor. The conclusions reached by the doctors were almost identical, even though their fact findings and reasoning were not the same. In separate reports, each doctor concluded that the appellant was competent to stand trial, and that he was attempting to appear as a mentally ill person.

Faced with these conclusions, the appellant's counsel advised the trial court that he did not believe a third examination would be beneficial, as the State's evidence was "irrefutable".

 Although we cannot agree with the appellant's trial counsel that the State's evidence was irrefutable, we can understand his reasoning. If two doctors had already found his client competent to stand trial, it was not unreasonable for him to believe that a third doctor would arrive at a similar conclusion. If the two doctors, whose reports were being considered by the court, had reached different conclusions concerning the appellant's mental competency, we might agree with the appellant's contention that he did not receive effective assistance of counsel. However, as the doctors agreed in their conclusions, we cannot conclude, as a matter of law, that the decision of appellant's counsel was either harmful or prejudicial to the appellant.

 The appellant also complains of his trial counsel's failure to challenge the legality of the appellant's arrest. He urges that there was no probable cause for his arrest. There is no evidence in the record which supports this contention. The appellant refers to the offense report shown in the pre-sentence investigation report to support his contention of an illegal arrest. The PSI report contains the probation officer's summarization of what he thought the offense report stated. The offense report was not offered into evidence and is not a part of the record before this court.

The facts relied upon by the appellant to support his allegation of an illegal arrest are hearsay and are contained in the PSI report which was not prepared for the purpose of determining guilt or innocence. The record is devoid of evidence that would raise the issue of lack of probable cause for appellant's arrest.

■ The standard of review of counsel's representation is whether he rendered reasonably effective assistance. *Johnson v. State,* 614 S.W.2d 148 (Tex.Cr.App.1981). This does not mean errorless counsel, or counsel judged ineffective by hindsight. *Johnson,* at 149. In judging counsel's performance the totality of counsel's representation must be considered, *Passmore v. State,* 617 S.W.2d 682 (Tex.Cr.App.1981).

■ In the instant case, a review of the three indictments involved, reveals that the appellant was charged with five first degree felonies, enhanced by a prior conviction. Art. 12.32 of the Texas Penal Code proscribes punishment for a first degree felony as: (1) confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 5 years; (2) in addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.

Appellant's counsel, through negotiation, persuaded the State to abandon two counts of aggravated robbery, one count of theft, and the enhancement paragraph. Further, appellant's counsel declined the State's offer to recommend a 40-year confinement as punishment. The wisdom of this decision was proved when the court assessed the appellant's punishment at thirty years confinement. In view of these facts, we cannot concur with the appellant's allegation that he did not receive reasonably effective assistance of counsel. The appellant's second ground of error is overruled.

■ In his final ground of error, the appellant asserts that the use of the PSI report was error, because it contained inadmissible evidence in violation of his Fifth Amendment privilege against self-incrimination. This ground of error is without

merit for two reasons. First, the trial court is presumed to have disregarded any inadmissible evidence. *Moton v. State,* 540 S.W.2d 715 (Tex.Crim.App.1975). Second, the appellant failed to object to the use of the PSI report. In fact, the court had the report prepared on the appellant's motion. The appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.

DYESS, J., not participating in opinion.