Gregory Grey **EDWARDS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–82–0759–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 22, 1983.

Janet S. Morrow, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and DUGGAN and BASS, JJ.

EVANS, Chief Justice.

This is an appeal from a conviction for aggravated robbery upon a plea of guilty.

Appellant filed a written waiver of trial by jury and a written stipulation of evidence. There was no agreed recommendation as to punishment. The court accepted appellant's plea, and found appellant guilty of aggravated robbery. The court then reset the case and ordered the preparation of a pre-sentence investigation report.

At the punishment hearing, the investigation report was admitted into evidence without objection. Both parties called witnesses and argued the punishment issue. The court then assessed punishment at 75 years imprisonment.

Appellant asserts, in one ground of error, that his request for a pre-sentence investigation report is invalid for lack of an admonishment regarding his Fifth Amendment privilege against self-incrimination and his right to have a jury decide the issue of punishment, and a waiver of those rights. Appellant makes no complaint of the admonishments and waivers insofar as they relate to the guilt-innocence phase. Rather, he contends that because Texas law accords an accused the right to a jury trial on punishment and the right against self-incrimination on punishment, a specialized admonishment about the pre-sentence investigation report must be given as a constitutional prerequisite to the valid waiver of those rights.

Tex.Crim.Code Pro. art. 37.07(d) (Vernon Supp.1983), provides:

> When the judge assesses the punishment, he may order an investigative report as contemplated in Section 4 of Article 42.12 of this code and after considering the report, and after the hearing of the evidence hereinabove provided for, he shall forthwith announce his decision in open court as to the punishment to be assessed.

Tex.Code.Crim.Pro. art. 26.13(a) (Vernon Supp.1983), requires that prior to accepting a guilty plea the court must admonish the defendant of the range of punishment; that the prosecutor's recommendation of punishment is not binding on the court; and that if the punishment assessed is not greater than the prosecutor's recommendation, the defendant must obtain the trial court's permission to appeal. Section (b) of this article requires that the mental competency of the defendant and the free and voluntary nature of the plea be apparent. Art. 26.13, *supra*. This article concludes with section (c), which states:

> (c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. Art. 26.13, *supra*.

With regard to the right to have a jury assess punishment, the record reflects the following admonishment by the trial court:

> You have the right to have a *trial by jury in this case* and you have filed with the court a waiver of that right. If the court accepts this waiver, *this case will be heard by the judge without a jury.* Is

this what you want to do Mr. Edwards? (Emphasis ours.)

Appellant answered "Yes, sir, it is."

By giving these admonishments, the court sufficiently apprised the appellant of his right to a jury. The consequences of filing the jury waiver were made clear: the court, not a jury, would hear the entire case.

There is no constitutional right to have a jury assess punishment. *Jones v. State,* 416 S.W.2d 412 (Tex.Cr.App.1967); *Tinney v. State,* 578 S.W.2d 137 (Tex.Cr. App.1979). If a defendant waives his right to jury trial and enters a plea of guilty before the court, the trial judge is not required to advise him of his right to jury assessment of his sentence. *Laue v. State,* 491 S.W.2d 403 (Tex.Cr.App.1973). Tex. Code Crim.Pro.Ann. arts. 26.14 (Vernon 1966) and 37.07 (Vernon Supp.1983).

Turning now to the waiver of appellant's self-incrimination protections, the record reflects the following admonishment:

You have also filed with the court an agreement to stipulate and judicial confession. If the court accepts these statements, you will give up certain rights . . . . You would be agreeing that the State can proceed to prove its case against you by the introduction of . . . evidence that you will not be able to cross-examine. You will be giving up your right of self-incrimination. . . .

\*    \*    \*    \*    \*    \*

. . . And do you understand that the State is reserving the right to argue for whatever punishment it feels appropriate at the next hearing?

The range of punishment is the only thing that would restrict the court in assessing punishment in this case.

The appellant answered "Yes, sir."

Appellant contends that this admonishment was insufficient to apprise him of a waiver of self-incrimination protection insofar as it relates to the pre-sentence investigation report. In support of this contention he cites *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). In *Smith,*

the state introduced testimony during the punishment stage from a doctor who had conducted the defendant's court-ordered psychiatric examination. The Court held this substantive evidence during the punishment stage violated the defendant's Fifth Amendment rights. The Court further held that the defendant should have been admonished as to his right of silence.

In *Jennings v. State,* 647 S.W.2d 18 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd), this court considered the decision in *Smith, supra* and noted that its holding was limited to the situation where the findings of the psychiatric examination are used as substantive evidence against the defendant. *Jennings, supra* at 20. We further noted that the Supreme Court specifically stated in *Smith* that it was not holding that the same Fifth Amendment concerns were necessarily presented by all types of interviews and examinations that might be ordered or relied upon to make a sentencing determination. *Jennings, supra* at 21.

In the case at bar, the record reflects that the version of the events surrounding the offense that the appellant gave in the pre-sentence investigation report was largely the same and even less incriminating than his testimony at the punishment hearing.

Article 26.13(c), *supra,* requires only substantial compliance with the statutory admonishments, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment. A review of the record indicates that appellant was made aware of the consequences of his plea by the trial court's admonishment, and that he was neither harmed nor misled by that admonishment. Appellant's ground of error is overruled.

The trial court's judgment is affirmed. Publish. Tex.Crim.App.R. 207.