# NO. 12-07-00251-CR
# NO. 12-07-00252-CR
# NO. 12-07-00253-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MATTHEW B. DORSEY,*<br>*APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Matthew B. Dorsey appeals from his convictions for aggravated assault, delivery of a controlled substance, and evading arrest or detention. In three issues, Appellant argues that the trial court should have excluded certain evidence, should not have considered other evidence, and should not have recessed the trial when a relative of one of the jurors died. We affirm.

#### Background

Appellant was indicted for the felony offense of aggravated assault. The indictment alleged that Appellant threatened a Department of Public Safety trooper with a deadly weapon. Appellant pleaded not guilty, and a jury trial was held. As the trial progressed, the evidence showed that Appellant was fleeing from police officers. Department of Public Safety Trooper Robert Johnson heard the pursuit on his police radio. He was in the vicinity, and he parked his vehicle in a strategic location to wait for Appellant. A car approached. Johnson did not think it was the suspect vehicle, and he attempted to flag it down to warn the driver of a pursuit in the area. In fact, it was Appellant driving the car. Instead of stopping, Appellant drove his car at Johnson. Johnson was able to avoid

being hit, and he fired three shots from his pistol at the vehicle after it passed him. Appellant was able to avoid capture that night, and Johnson could not identify him as the driver.

During the subsequent investigation, the police received a call telling them that Juan Daniel Dawson Vincent might have been the person driving the car. The police were able to exclude Vincent as the driver, in part because he was at work when the pursuit occurred. During trial, the State offered Vincent's time card into evidence. Appellant objected on the grounds that it had not been provided prior to trial. The prosecutor asserted that it had been provided and that he had talked to defense counsel about the time card or the issues surrounding it. The trial court found that the document had been disclosed in a discovery compliance motion filed with the court and overruled the objection.

At the start of the next day of the trial, one of the jurors told the trial court that her aunt had died and asked to be excused. The trial court, without an objection from either party, recessed the trial for a week to allow the juror to make the final arrangements for her relative.

At the conclusion of that brief hearing, the State provided Appellant's counsel with two letters Appellant had written to one of the witnesses. In the letters, Appellant makes statements suggesting, although not admitting completely, that he was the driver of the car. When the court reconvened the trial the following week, Appellant pleaded guilty to the charged offense. He also pleaded guilty to a related charge for evading arrest or detention and to an unrelated charge of delivery of a controlled substance. The trial court assessed punishment at life imprisonment for the aggravated assault offense, imprisonment for twenty years for the delivery of a controlled substance offense, and imprisonment for two years for evading arrest or detention offense. This appeal followed.

## DISCOVERY

In his first issue, Appellant argues that the trial court erred in allowing the State to admit Vincent's time card. At the outset, it appears that Appellant's plea of guilty would serve to forfeit this complaint. Generally, a guilty plea forfeits the right to appeal a claim of error when the judgment of guilt is rendered independent of, and is not supported by, the alleged error. *See Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000). Whether a plea is independent of the

2

alleged error can be the subject of a dispute. In the context of suppression of evidence or revealing the identity of a confidential informant, for example, courts have found that subsequent guilty pleas were not independent of the claimed error. *See id*. at 667 (suppression); *Sanchez v. State*, 98 S.W.3d 349, 353–55 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd) (confidential informant). On the other hand, complaints about discovery matters have been held to be independent of and forfeited by a subsequent guilty plea. *Ramirez v. State*, 89 S.W.3d 222, 228, 232 (Tex. App.–Corpus Christi 2002, no pet.); *see also Jacobs v. State*, 80 S.W.3d 631, 632 (Tex. App.–Tyler 2002, no pet.) (complaint about failure to rule on motion for discovery forfeited by plea of guilty).

Neither party addresses the question of whether Appellant's guilty plea forfeits this complaint. The State has responded to the specifics of Appellant's complaint, and Appellant does not argue that his decision to plead guilty was traceable to the trial court's ruling on the time card. Because neither party has discussed whether Appellant's guilty plea forfeits this complaint, we will address the merits of Appellant's argument.

**Applicable Law and Analysis**

Evidence willfully withheld from disclosure under a discovery order should be excluded from evidence. *See Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). We review a trial court's decision to admit or exclude such evidence for an abuse of discretion. *Id*. We defer to a trial court's findings of fact if they are based on an "evaluation of credibility and demeanor," view the evidence in the light most favorable to the trial court's ruling, and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *Id*.

Several days before trial, the State filed a "Felony Discovery Supplemental Form" with the trial court. The document is in the form of a memo addressed to defense counsel. It noted that the State had additional physical evidence, specifically a "Copy of Juan Daniel Dawson Vincents' [sic] timecard at Woodcreek Fitness Club," and certifies that it was made available to the defense on the date the form was filed. Appellant's counsel stated that he had no knowledge of the document. Based on the discovery compliance filing with the trial court, the court overruled Appellant's objection, and the time card was admitted.

This piece of evidence contributed little to the trial. The State did not try to hide the fact that

3

Vincent had an alibi. In fact, the State had previously disclosed a witness who was identified as being associated with the Woodcreek Athletic Club. This witness was Vincent's boss at Woodcreek, and the State argues that there would be no reason for anyone at Woodcreek to be a witness except to vouch for Vincent's being at work at the time of the high speed chase. Additionally, the filing of the document listing the piece of evidence supports the State's argument that it did not fail to disclose the evidence.

The trial court was in the best position to evaluate Appellant's claim and to make the relevant factual determinations. The trial court's implied finding that the evidence was disclosed or that there was no willful nondisclosure is supported by the record and is not an abuse of discretion. We overrule Appellant's first issue.

## PRESERVATION OF COMPLAINTS FOR APPELLATE REVIEW

In his second issue, Appellant argues that the trial court erred in recessing the trial for a week after one of the jurors had a death in her extended family.[1] In his third issue, Appellant argues that the trial court erred in considering a presentence investigation report that included a reference to a juvenile adjudication that Appellant asserts has not been unsealed.

When issues arise with a juror's continued service during trial, an objection to the trial court's resolution of that issue is necessary to preserve a complaint for appellate review. *See*, *e.g.*, *McDaniel v. Yarbrough*, 898 S.W.2d 251, 252 (Tex. 1995) (complaint preserved when party objected to trial court finding juror to be disabled because she could not return to the courthouse due to heavy rain); *see also* TEX. R. APP. P. 33.1(a). Appellant did not object either to the recess in the trial or to the court's consideration of the presentence investigation report, which included the fact of his juvenile adjudication.

Appellant now argues that the trial in this case could have continued without the juror pursuant to article 36.29(a), Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp. 2008) (trial may continue with fewer than twelve jurors if a juror becomes disabled). And, as Appellant notes, it is not uncommon for a juror to be unable to continue

---

[1] As with the first issue, it appears that Appellant's guilty plea would forfeit this complaint. However, the State does not make this argument, and Appellant argues, though not in this specific context, that he would not have pleaded guilty but for the recess.

4

due to a death in the family, and a trial court ruling to continue without a disabled juror can be upheld on appeal. *See* ***Clark v. State***, 500 S.W.2d 107, 108–09 (Tex. Crim. App. 1973) (juror excused to make arrangements following the death of his father-in-law); ***Ricketts v. State***, 89 S.W.3d 312, 318 (Tex. App.–Fort Worth 2002, pet. ref'd) (excusing juror whose father died the evening before trial).

Appellant did not make this argument at trial. In fact, the trial court asked Appellant specifically if he objected to a week long recess of the trial to allow the juror to make arrangements for her relative. Appellant's counsel stated that the "[d]efense has no objection, Your Honor." Accordingly, we hold that Appellant has not preserved this complaint for appellate review, and we overrule Appellant's second issue.

We reach the same result with respect to the presentence investigation report. Appellant argues that the record of his juvenile adjudication had been sealed and that the trial court erred when it considered the presentence investigation report because it contained a reference to that juvenile adjudication. Appellant did not make this argument to the trial court. Instead, when the trial court asked Appellant's counsel if he had objections to the report, he responded that he did not have an objection.[2]

A contemporaneous objection is a prerequisite to a complaint on appeal about evidence admitted at the punishment hearing. *See* TEX. R. APP. P. 33.1(a)(1)(A); ***Brown v. State***, 692 S.W.2d 497, 501 (Tex. Crim. App. 1985) (en banc) (no complaint preserved regarding a "pen packet" used in sentencing proceeding); ***Jennings v. State***, 647 S.W.2d 18, 22 (Tex. App.–Houston [1st Dist.] 1982, pet. ref'd) (no complaint preserved with respect to presentence investigation report); ***McRoy v. State***, No. 06-06-00146-CR, 2007 Tex. App. LEXIS 2780, at *4 (Tex. App.–Texarkana Apr. 12, 2007, pet. ref'd) (mem. op., not designated for publication) ("It only stands to reason that, if an

---

[2] Because this issue was not litigated, it is not clear whether Appellant's juvenile records are, in fact, sealed, *see* TEX. FAM. CODE ANN. § 58.003(a) (Vernon 2008) (some juvenile records must be sealed by the juvenile court), nor is it clear whether the adjudication would be admissible at sentencing had Appellant objected. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1)(A), (a)(1)(B) (Vernon Supp. 2008); *see also* ***Walker v. State***, 493 S.W.2d 239, 240 (Tex. Crim. App. 1973) (trial court may consider "juvenile record" before assessing punishment); ***Wallace v. State***, 135 S.W.3d 114, 120 (Tex. App.–Tyler 2004, no pet.) (applying TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(i)) (some adjudications not admissible if the conduct would have been a misdemeanor and the conduct occurred prior to January 1, 1996, although evidence about the conduct itself may be admissible pursuant to article 37.07, section 3(a)(1)).

appellant can waive error by not objecting when a trial court does not order a PSI, an appellant can also waive error by not objecting to the trial court's consideration of a PSI report's contents."). Accordingly, we hold that Appellant has not preserved this complaint for appellate review, and we overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the judgments of the trial court.


**JAMES T. WORTHEN**
Chief Justice


Opinion delivered March 31, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)