# NOS. 12-08-00351-CR
# 12-08-00352-CR
# 12-08-00353-CR
# 12-08-00354-CR
# 12-08-00355-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES WAYNE MILLER,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Charles Wayne Miller appeals his convictions for aggravated assault and aggravated robbery. In three issues, he argues that the trial court erred by moving directly into the punishment phase of a revocation hearing after finding him guilty, that the trial court should not have considered certain evidence, and that the sentences he received are disproportionate to the crimes he committed. We affirm.

## BACKGROUND

In 2000, Appellant pleaded guilty to indictments alleging that he committed four aggravated robberies and one aggravated assault. The trial court deferred adjudication of his guilt in each of the five cases and placed him on community supervision. In 2008, the State filed an application to proceed to adjudication alleging that Appellant had possessed and used cocaine. The trial court held

a hearing, and Appellant admitted that the allegations in the State's application were true. The trial court revoked his community supervision, found Appellant guilty, and assessed punishment at imprisonment for twenty years on the aggravated assault charge and fifty years on each of the aggravated robbery charges. The trial court also ordered a fine of $5,000 in each case and ordered that the prison sentences be served concurrently. This appeal followed.

## TIMING OF PUNISHMENT HEARING

In his first issue, Appellant argues that the trial court erred by proceeding directly from the adjudication phase of the revocation hearing to the punishment phase of the hearing. Citing *Issa v. State*, 826 S.W.2d. 159 (Tex. Crim. App. 1992), Appellant asserts that the trial court's method of conducting the hearing denied him the opportunity to present evidence for the court to consider before assessing punishment.

We agree with Appellant that a trial court must provide a defendant the opportunity to present punishment evidence. *See id.* at 161 (construing TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2008)). However, what is required is that a defendant be given an opportunity to present evidence—it is not necessary that a punishment hearing be held at a different time or date than the adjudication hearing. *See Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007).

More importantly, this kind of complaint must be preserved by an objection either at the time the opportunity to present evidence is denied or by raising the issue in a motion for new trial. *See* TEX. R. APP. P. 33.1; *Issa*, 826 S.W.2d at 161; *see also Euler*, 218 S.W.3d at 92 (applying *Duhart v. State*, 668 S.W.2d 384, 387 (1984), and concluding that it was "implicit in our analysis that if the appellant in that case had wanted to present evidence on punishment, he should have asked to do so at the revocation hearing[]").

Appellant did not preserve this complaint. After finding Appellant guilty, the trial court began the punishment phase of the hearing and offered both the State and Appellant the opportunity to present additional evidence. Appellant's counsel said that he had no additional evidence, and he did not object to the trial court proceeding directly to the punishment phase. Appellant also did not raise a complaint about the trial court's procedure in his motion for new trial.

Because Appellant did not object contemporaneously or raise this issue in a motion for new

trial, this issue is not preserved for appellate review.  *See **Issa***, 826 S.W.2d at 161.  We overrule Appellant's first issue.

## CRUEL AND UNUSUAL PUNISHMENT

In his second issue, Appellant argues that his sentence was disproportionate to the offenses for which he was convicted.  *See* U.S. CONST. amend VIII; TEX. CONST. art I, § 13.  However, Appellant has failed to preserve this issue for appellate review by objecting to the sentence in the trial court or by raising the issue in a motion for new trial.  *See **Willis v. State***, 192 S.W.3d 585, 595–97 (Tex. App.–Tyler 2006, pet. ref'd) (citing ***Rhoades v. State***, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); ***Curry v. State***, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution)); *see also* TEX. R. APP. P. 33.1.  Accordingly, we overrule Appellant's second issue.

## CONSIDERATION OF EVIDENCE

In his third issue, Appellant argues that the trial court considered evidence that had not been admitted at the punishment phase of the revocation hearing.  Specifically, Appellant complains that the trial court considered an offense report before assessing punishment.  Likening it to a letter written to the court, he argues that the report was not admitted into evidence and the trial court should not have considered it.

The trial judge read from an offense report that was contained in the presentence investigation report[1] and offered the parties an opportunity to comment on the conclusions she drew from the report.  Appellant's counsel responded by saying that he would have to look at the offense report and by offering his own interpretation of the events described.

Appellant did not object to the trial court's consideration of the offense report and, therefore, has not preserved this issue for appellate review.  The trial court is authorized to consider

---

[1] The presentence investigation report is not in the appellate record.  It was not specifically requested by Appellant, and he has not sought to supplement the record to include it.  *See* TEX. R. APP. P. 34.5(c)(1) (allowing for supplementation of the record).  It is clear from the trial judge's remarks that she is reading from the presentence investigation report.  At one point, after reciting some of the facts surrounding the robbery, the trial judge says, "So I just want to make sure, because this presentence [report] makes it pretty clear that that person was the one bossing – – that was the person giving the orders . . . ."

information contained in a presentence investigation report. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(a) (Vernon Supp. 2008). If a defendant wishes to complain on appeal about the trial court's consideration of material in the presentence investigation report, the defendant must raise an objection in the trial court. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Brown v. State*, 692 S.W.2d 497, 501 (Tex. Crim. App. 1985) (en banc) (over broad objection not sufficient to preserve complaint about a "pen packet" used in sentencing proceeding); *Sanchez v. State*, 222 S.W.3d 85, 89–90 (Tex. App.–Tyler 2006, no pet.) (no complaint preserved when defendant did not object to polygraph results included in presentence investigation report); *Jennings v. State*, 647 S.W.2d 18, 22 (Tex. App.–Houston [1st Dist.] 1982, pet. ref'd) (no complaint preserved when defendant did not object to trial court's consideration of presentence investigation report). Because Appellant did not object to the trial court's consideration of the offense report, this issue is not preserved for our review. We overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the judgment of the trial court.

  BRIAN HOYLE
Justice

Opinion delivered August 12, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)