**Dennis Joe WESTBROOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00437–CR.**

Court of Appeals of Texas, Dallas.

Sept. 11, 1985.

Malcolm Dade, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., Kathi Alyce Drew, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., and STEPHENS and VANCE, JJ.

GUITTARD, Chief Justice.

Appellant appeals his conviction for involuntary manslaughter. We affirm.

The manslaughter charge arose from an automobile collision. Mr. & Mrs. Bromberg, three of their children, and two neighbor children were driving home from Six Flags over Texas early one morning, at approximately 1:00 a.m., when appellant's car struck the rear left corner of the Bromberg car. This collision caused the Bromberg car, which was being driven by Mr. Bromberg, to flip over a guard rail and land in a ravine. Mr. Bromberg was killed.

Appellant, in five grounds of error, contends that the trial court erred: (1) in failing to submit a defensive issue to the jury; (2) in allowing the introduction of "custodial oral statements" made by appellant; (3) in allowing the introduction of testimony concerning appellant's drinking habits; (4) in permitting the cross-examination of appellant concerning his relationships with his work associates; and (5) in allowing the introduction of testimony concerning appellant's driving habits. We overrule all of appellant's grounds of error.

### 1. Defensive Issue on Causation

Survivors in the Bromberg car testified that they saw a car bearing down on them from the rear before the collision. An officer in an automobile ahead saw the collision in his rearview mirror. He pursued and arrested appellant, who made no attempt to stop at the scene. Another witness testified that appellant's car passed him at a speed of seventy to eighty miles per hour before the collision. The witness saw appellant's car strike the Bromberg car and then continue forward "at a pretty good clip."

The arresting officer testified that appellant appeared to be intoxicated. Appellant took a chemical breath test, which showed an alcohol concentration of 0.12 percent, .02 percent above the legal level of intoxication. TEX.REV.CIV.STAT.ANN. art. 6701$l$-1 (Vernon Supp.1985). There was other evidence of intoxication.

Appellant admitted that he had been drinking and that he had "clipped bumpers" with the Bromberg car. He also testified that he was driving in the center lane and the Bromberg car was in the right lane, but that as he attempted to pass the Bromberg car, it suddenly appeared in his lane. He said that he did not know that the Bromberg car had gone over the guard rail.

The trial court's charge instructed the jury that they were to find appellant guilty of involuntary manslaughter if they believed that he caused Bromberg's death by reason of (1) intoxication, (2) improper lane change, or (3) operating his car at an excessive rate of speed. The court's charge also included the following instruction on causation:

A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

This instruction tracks the language of section 6.04 of the Texas Penal Code (Vernon 1974). Appellant objected to the court's charge on the following ground:

The court's charge improperly fails to charge the jury that if Bromberg's driv-

ing caused the collision by improper change of lane or there is a reasonable doubt thereof, then the jury should acquit the Defendant.

The trial court overruled this objection.

In his first ground of error, appellant contends that the court erred in overruling this objection because he was entitled to have this defensive issue submitted to the jury. He relies on *Hill v. State,* 585 S.W.2d 713 (Tex.Crim.App.1979), holding that failure to submit a defense raised by the evidence is reversible error.

■ Although we recognize that a defendant is entitled to have defenses raised by his own testimony submitted to the jury, we conclude that the facts stated in the objection, if found by the jury, would not have been a defense. If the jury had found that the collision was caused by the Bromberg car's change of lanes, that fact would not have established that the collision was not also caused concurrently by appellant's driving at a high rate of speed, his own change of lanes, or his driving while intoxicated, as submitted in the court's charge. The instruction suggested in appellant's objection would have allowed appellant to be acquitted on a finding of contributory negligence, which is no defense to a charge of involuntary manslaughter. *Daniel v. State,* 577 S.W.2d 231, 234 (Tex.Crim.App. 1979); *Fox v. State,* 145 Tex.Cr. 71, 165 S.W.2d 733, 735 (1942).

■ This conclusion is consistent with Section 6.04(a) of the Penal Code as follows:

A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

This section, which the trial court quoted in its charge, makes clear that the concurrence of a cause other than the defendant's conduct is not a defense to involuntary manslaughter "unless the concurrent cause was clearly sufficient to produce the result

and the conduct of the actor clearly insufficient." Under the statute, when an indictment alleges that the defendant, while intoxicated, did "cause the death of" another person, the term "cause" must assume the meaning set out in section 6.04, that is, that the defendant's conduct caused the death "either alone or concurrently with another cause." *Hayes v. State,* 634 S.W.2d 359, 361 (Tex.App.—Amarillo 1982, no pet.). On this reasoning, if the jury had found that Bromberg's driving "caused the collision," that fact would only have established that Bromberg's driving was a concurring cause of the collision, which would not have been a defense to the charge alleged in the indictment.

Perhaps a defense would have been presented under section 6.04 if the jury had found, pursuant to a proper instruction, that Bromberg's driving was "clearly sufficient" to cause his death and defendant's conduct was "clearly insufficient." Section 6.04 provides no standard, and we have found none, that would help determine when the conduct of a party, but for which the result in question would not have occurred, is "clearly sufficient" or "clearly insufficient" to produce the result. The practice commentary in the annotated statutes suggests that this language is used "to free the [penal] law from encrusted precedents on 'proximate causation,' offering a principle that will permit both courts and juries to begin afresh in facing problems of this kind." Being freed from "encrusted precedents," we are left without authoritative guidance. We conclude that causation, being a concept too difficult for lawyers or even for philosophers, is best left to a jury.

■ In this case, the jury was properly instructed in the language of section 6.04, and if appellant desired a more specific instruction with respect to Bromberg's driving as a "clearly sufficient cause" and appellant's conduct as "clearly insufficient," he could have put his objection specifically on that ground. We conclude that the objection he made was not sufficient to call the court's attention to such an omis-

sion. Consequently, without deciding whether appellant was entitled to a more specific instruction, we hold that the court did not err in overruling the objection as made.

### 2. *"Custodial Oral Statements"*

■ Appellant contends in his second ground of error that the trial court erred in allowing the introduction of "custodial oral statements" made by appellant. We disagree and overrule appellant's second ground of error.

The trial court allowed two policemen to testify that while they were transporting appellant in a police car from the central police station to the city jail, appellant declared that he had not been involved in an accident, that he had not done anything wrong, that they had no right to arrest him, and that he would get a lawyer and "beat this deal." Appellant contends that these "custodial oral statements" were inadmissible because they were not electronically recorded in accordance with section 3(a) of article 38.33 of the Texas Code of Criminal Procedure (Vernon Supp.1985).

Section 3(a) deals only with statements made by an accused as a result of a custodial interrogation. TEX.CODE CRIM. PROC.ANN. art. 38.33, § 3(a) (Vernon Supp.1985); *see also* TEX.CODE CRIM. PROC.ANN. art. 38.22, § 5 (Vernon 1979) ("Nothing in this article precludes the admission ... of a statement that does not stem from custodial interrogation...."). Appellant's statements were clearly admissible under section 3(a) because there was no showing that they were the results of a custodial interrogation.

### 3. *Testimony Concerning Appellant's Drinking Habits*

■ Appellant's third ground of error asserts that the trial court improperly permitted the State to examine various witnesses about appellant's drinking habits. We overrule this ground of error. Appellant testified that although he had two frozen margaritas earlier in the evening and two and one-half beers immediately before the collision, he did not think that he was drunk at the time of the collision. This testimony permitted the State to elicit testimony on rebuttal indicating how certain amounts of alcohol affected appellant. In the context of this case, we conclude that the trial court did not err in allowing the State to elicit testimony on appellant's drinking habits, *i.e.*, how alcohol affected appellant. *See Hansen v. State*, 636 S.W.2d 241, 243 (Tex.App.—Texarkana 1982, no pet.).

### 4. *Cross-Examination on Appellant's Relationships*

In his fourth ground of error, appellant contends that the trial court erred in permitting the State to cross-examine him about his relationships with his fellow employees and supervisors. We agree, but overrule this ground of error because the trial court's error was harmless.

Two of appellant's co-workers, who had been to "happy hour" with him on the day of the collision, were called by the defense to testify as to how much appellant had to drink. On cross-examination the prosecutor asked appellant:

Is there anybody out there that you can think of, co-workers or supervisors, that you do not get along well with, that you have bad blood with?

Appellant responded, after his objection to this question was overruled, that there were a couple of supervisors with whom he had problems. Appellant objected to this line of inquiry on the ground that it was irrelevant and that he was not on trial for his work habits or relationships. In response to appellant's objections, the prosecutor made it clear that her sole reason for pursuing this line of inquiry was to discern whether anyone with whom appellant worked would have a reason to testify against him. On appeal the State also contends:

By this cross-examination, the State was not seeking to put Appellant's character as a peaceful and law abiding citizen into question; nor was the State seeking to cross-examination [sic] witnesses as to

Appellant's reputation. Rather, the State was seeking to inquire as to the motivations for witnesses who had already testified, and the possible motivations for future witnesses who might be called.

In addition, the State contends that any matter that might motivate a witness to lie is a proper matter for cross-examination.

 We agree with this general rule in the sense that one may attempt to discredit a witness by cross-examining him on any matter that might motivate him to lie. However, in this case the prosecutor was not trying to discredit a defense witness. Presumably, any "bad blood" appellant had with his co-workers would have motivated them to testify against him rather than for him. We decline to apply this general rule—*i.e.,* that any matter that might motivate a witness to lie is a proper matter for cross-examination—to allow the State to attack an accused's character or reputation by indiscriminately prying into his adverse relationships with his own defense witnesses.

 Although we agree with appellant that this line of inquiry was improper, we overrule this ground of error because the admission of this testimony was harmless error. Although it appears that the State was trying to present appellant to the jury as an employee whose relationships with his fellow employees and supervisors were poor, it had only limited success. At most, the State elicited from appellant the fact he had had problems with two of his supervisors. This fact was so remote from the issues that any serious prejudice is unlikely. The testimony was not inflammatory and had no logical bearing on his conduct on the occasion in question. After reviewing the record, which contains strong evidence of guilt, we conclude that there is no reasonable possibility that the admission of this testimony contributed to appellant's conviction. Consequently, the error was harmless. *Gutierrez v. State,* 628 S.W.2d 57, 62 (Tex.Crim.App.1980).

5. *Testimony of Appellant's Driving Habits*

In his fifth ground of error, appellant contends that the trial court erred in allowing the introduction of testimony concerning his driving habits. Appellant has failed to cite to any portion of the record to indicate where the matter complained of may be found. Although the State refers to a portion of the record that includes testimony concerning appellant's driving, we decline to speculate whether it is that part of the record that contains the matter complained of. Furthermore, after considering this ground of error in the light of appellant's arguments in support of it, we are unable to identify and understand the point of appellant's objection. Accordingly, we overrule this ground of error because it does not comport with the requirements of section 9 of article 40.09 of the Texas Code of Criminal Procedure. *Cook v. State,* 611 S.W.2d 83, 87 (Tex.Crim.App.1981); TEX. CODE CRIM.PROC.ANN. art. 40.09, § 9 (Vernon Supp.1985).

Affirmed.