Duane Michael **HYPKE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–85–00915–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 9, 1986.

OPINION

JUNELL, Justice.

Duane Michael Hypke appeals a judgment of conviction for involuntary manslaughter. After appellant pled guilty, the court assessed punishment at ten years imprisonment, probated for ten years, and a $1,000 fine. The appellant was ordered to serve 120 days in jail as a condition of probation in accordance with the requirements of Article 42.12, sec. 6b(c) Tex.Code Crim.Proc.Ann. (Vernon Supp.1986). In appellant's first two points of error he contends this Article is unconstitutionally vague and disproportionately harsh. His third point of error alleges the Article is unconstitutional because the caption to Senate Bill No. 1 fails to adequately call attention to changes in the involuntary manslaughter laws. We affirm.

Article 42.12 sec. 6b(c) provides:

A court granting probation to a defendant convicted of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, shall require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of confinement of not less than 120 days.

In his first point of error appellant contends the statute is unconstitutionally void for vagueness because it does not contain any upper limit on the length of time a defendant may be incarcerated as a condition of probation. Here, appellant has no standing to challenge the statute since he received the minimum period of confinement of 120 days. When challenging the constitutionality of a statute, the appellant must show it is unconstitutional as to him; it is not sufficient that the statute may be unconstitutional as to others. *Parent v. State*, 621 S.W.2d 796, 797 (Tex.Crim.App. 1981). *See Eubanks v. State*, 635 S.W.2d 568, 571 (Tex.App.—Houston [1st Dist.] 1982, no pet.). It is well established that "the constitutionality of a statute will not be determined in any case unless such a determination is absolutely necessary to decide the case in which the issue is raised." *Skinner v. State*, 652 S.W.2d 773, 776 (Tex.

Sam Adamo, Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., William J. Delmore, III, Pamela Derbyshire, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

Crim.App.1983); *Coberly v. State*, 644 S.W.2d 734, 735 (Tex.Crim.App.1983).

■ Although it is unnecessary for this court to address appellant's issue of the statute's vagueness because of his lack of standing, we will note that under Article 42.12, sec. 3 and 3a(a), ten years is the maximum period of probation which may be imposed after an involuntary manslaughter conviction pursuant to Penal Code section 19.05(a)(2). It follows that the trial court is authorized to require as a condition of probation a period of detention of not more than ten years. Therefore, it cannot be said there is *no* maximum period of incarceration which can be assessed as a condition of probation.

The legislature has granted the trial court discretion in assessing more than the minimum 120 days detention time as a condition of probation. Only those conditions which are reasonable, i.e. those having "a reasonable relationship to the treatment of the accused and the protection of the public" may be imposed. *Hernandez v. State*, 556 S.W.2d 337, 343 (Tex.Crim.App.1977); *Tamez v. State*, 534 S.W.2d 686, 691 (Tex. Crim.App.1976). It follows that any period of detention over 120 days imposed as a condition of probation must meet the "reasonableness" standard and be subject to appellate review on an abuse of discretion basis. With these limitations the statute in question cannot be said to be vague or to authorize excessive discretion to the trial court. Appellant's first point of error is overruled.

Appellant asserts in his second point of error that section 6b(c) violates the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Texas Constitution by providing a more serious punishment for one convicted of violating section 19.05(a)(2) and granted probation than for other persons granted probation for more serious crimes. Appellant argues that since there is no mandato-

ry term of incarceration as a condition of probation for first and second degree felonies while a minimum period of 120 days incarceration must be ordered for the third degree felony of involuntary manslaughter, the statute authorizes a punishment disproportionately harsh to the offense. Appellant relies upon *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) which held that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. *Solem*, 463 U.S. at 290, 103 S.Ct. at 3009–10. The Supreme Court continues, however, stating that reviewing courts should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals.[1] *Solem*, 463 U.S. at 290, 103 S.Ct. at 3009–10.

The range of punishment the legislature has established for a violation of section 19.05(a)(2) cannot be deemed disproportionate in light of the severity of the offense. A defendant could be sentenced to a penitentiary term of only two years, or a probationary term of two years with just 120 days incarceration as a condition of probation. Section 12.44 permits the trial court in a proper case to reduce the third degree felony to a Class A misdemeanor, thereby allowing the defendant to avoid any term of incarceration altogether. Tex.Penal Code Ann. sec. 12.21 (Vernon 1974).

■ The legislature did not overstep its broad authority in mandating confinement as a condition of probation. Considerations of public safety form a rational basis for the legislature to require mandatory confinement for 120 days as a condition of probation. *Lopez v. State*, 709 S.W.2d 744, 745 (Tex.App.—San Antonio 1986, pet. pending). This requirement must be viewed in the context of current social campaigns and legislation to reduce the ex-

---

1. "In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." *Solem*, 463 U.S. at 290 n. 16, 103 S.Ct. at 3009–10 n. 16.

treme hazards of drunken driving. As a matter of public policy the state has a right to treat this crime with the gravity it warrants. Probation with a 120 day minimum incarceration term is not too much to ask for a life.

The statute in question is not unconstitutionally disproportionate, and appellant's second point of error is overruled.

 In his third point of error appellant contends that the caption of Senate Bill 1 is unconstitutional because it fails to adquately notify a reader of the Bill's content as to changes in the law dealing with involuntary manslaughter involving the use of a motor vehicle. Article III, Section 35 of the Texas Constitution states:

> No bill ... shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

The caption of Senate Bill No. 1 reads in part:

> An ACT relating to offenses of driving while intoxicated, involuntary manslaughter involving the use of a motor vehicle, criminally negligent homicide ...; imposing and changing penalties, ...; amending the Code of Criminal Procedure, 1965, as amended ...; and amending Sections 4, 6, 6b and 7; and Subsection (a), Section 10A Article 42.-12,....

The caption expresses a broad purpose to amend the statutes relating to involuntary manslaughter and its penalties and specifically lists Section 6b as one provision amended by the legislation. In no way was Article III, Section 35, of the Constitution offended since the caption clearly amends the sections in question. Reference to the act or section to be amended is adequate, as long as the subject matter of the amendment is germane or reasonably related to the content of the original act. *Smith v. Davis*, 426 S.W.2d 827, 833 (Tex.1968). The Court of Criminal Appeals adopted the language of the *Smith* decision in *Putnam*

*v. State*, 582 S.W.2d 146 (Tex.Crim.App. 1979). Reference by article number to the statute being amended has been held sufficient notice that the bill should be examined for any alterations of that article. *Turnipseed v. State*, 609 S.W.2d 798 (Tex. Crim.App.1980). Appellant's third point of error is overruled.

We affirm the judgment.