**Marvin Edward TOWNSEND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–0490–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 12, 1987.

Discretionary Review Refused May 27, 1987.

L.H. (Stu) Stewart, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., William J. Delmore, III, Jaime Esparza, Harris County Asst. Dist. Attys., Houston, for appellee.

Before DUNN, WARREN and HOYT, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a conviction for the felony offense of involuntary manslaughter committed when operating a motor vehicle while intoxicated. After appellant pled nolo contendere, the court assessed punishment at 10 years confinement, probated for 10 years. The court required that appellant serve a term of confinement of 120 days as a condition of probation pursuant to Tex.Code Crim.P. Ann. art. 42.12, sec. 6b(c) (Vernon Supp. 1987), which provides:

> A court granting probation to a defendant convicted of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, shall require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of confinement of not less than 120 days.

Appellant contends in his first point of error that article 42.12, sec. 6b(c) is "unconstitutionally void for vagueness" because it fails to provide minimal guidelines to govern the application of the period of incarceration and encourages arbitrary application by the courts by not defining the maximum period of incarceration allowed as a condition of probation. Appellant argues that the trial court could arbitrarily impose a term of confinement for a period up to 10 years as a condition of probation for an offense whose maximum punishment is confinement for any period up to 10 years.

Appellant, however, received the minimum period of confinement as a condition of probation, and has demonstrated no harm that he has suffered as a result of the alleged defect in the statute. Appellant must show that the statute is unconstitutional as to him, in his situation. *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *Parent v. State*, 621 S.W.2d 796, (Tex.Crim.App. 1981). Even with the guidelines and limits that appellant claims are omitted, he could not have received a shorter term of incarceration as a condition of probation. Appellant has not demonstrated that the statute is unconstitutional as it was applied to him, and therefore he has no standing to challenge its constitutionality. *See Hypke v. State*, 720 S.W.2d 158 (Tex.App.—Houston [14th Dist.] 1986, pet. pending).

Appellant's first point of error is overruled.

 Appellant contends in his second point of error that section 6b(c) violates the fifth, eighth, and fourteenth amendments to the United States Constitution and Tex. Const. art. I, sec. 10 because it provides punishment that is disproportionate to the severity of the crime. In support of this contention, appellant argues that section 6b(c) provides greater punishment for those persons granted probation after conviction under Texas Penal Code Ann. sec. 19.05(a)(2) (Vernon 1974) than for those persons granted probation upon conviction of higher degree felonies, because there is no mandatory term of incarceration imposed as a condition of probation for higher degree felonies.

We emphasize that the appellant has been convicted of killing an individual by driving while intoxicated. Our legislature recently amended sec. 6b(c) to add the 120-day period of incarceration in response to society's extreme outrage at the mounting slaughter upon our highways caused by intoxicated drivers. The loss of human life at the hands of an intoxicated driver is sufficiently shocking, senseless, and wasteful, as to justify a minimum period of 120 days incarceration as a condition of appellant's probation.

Furthermore, we note that 120 days confinement may be imposed as a condition of probation for certain first and second degree felonies committed while using or exhibiting a firearm that do not involve the loss of human life. *See* Tex.Code Crim.P. Ann. art. 42.12, sec. 3g(b) (Vernon Supp. 1987). Finally, we note that an offender convicted under California law for driving while intoxicated may receive up to six months confinement as a condition of probation. Cal.Veh.Code sec. 23161 (West Supp.1987). We hold that appellant did not receive an unconstitutionally disproportionate sentence. *See Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Hypke,* 720 S.W.2d at 160.

Appellant's second point of error is overruled.

 Appellant contends in his third point of error that the caption of the bill amending sec. 6b(c) is unconstitutional because it fails to provide adequate notice of the bill's content, i.e., the changes in the law defining the terms of probation for involuntary manslaughter committed when driving while intoxicated. Tex.Const. art. III., sec. 35(c) provides that "[a] law, including a law enacted before the effective date of this subsection, may not be held void on the basis of an insufficient title." Appellant may not, therefore, challenge the constitutional sufficiency of the caption. *Baggett v. State,* 722 S.W.2d 700 (Tex.Crim.App. 1987).

Appellant's third point of error is overruled.

The judgment is affirmed.