Paul NUGENT, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–490–CR.

Court of Appeals of Texas, Corpus Christi.

April 14, 1988.

Nate Rhodes, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

Appellant was convicted of involuntary manslaughter. He was given a ten-year probated sentence and a $5,000.00 fine. We reverse and remand.

This case arose from a car wreck in which appellant was operating a vehicle on Alameda Street in Corpus Christi, Nueces County, Texas, when it collided with another vehicle being operated by Marcus Meza. The Meza vehicle had been traveling in the opposite direction on Alameda and attempted a left-hand turn into a convenience store parking lot at the time of the wreck.

Three passengers in the Meza vehicle were killed. There was evidence that appellant was traveling at a rate of speed greatly in excess of the posted speed limit and that he was intoxicated at the time of the collision. There was also evidence from which the jury could conclude that Meza's conduct concurrently contributed to the wreck. Appellant raises nine points of error challenging the jury charge, the sufficiency of the evidence, and the constitutionality of the statute under which he was convicted.

By his first two points of error, appellant argues that the court's charge failed to apply the law to the facts regarding the issue of concurrent cause and that the court's charge lessened the State's burden of proof on that issue. The State does not contest the necessity of a charge of concurrent causation under the evidence. We will therefore assume that a charge on concurrent cause was required under the facts adduced at trial.

In the abstract portion of the charge, the court defined the word "cause" or "causation" to mean that "a person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." This language tracks exactly the language of Tex.Penal Code Ann. § 6.04(a) (Vernon 1974).

The application portion of the charge regarding causation was as follows:

> Now if you believe from the evidence beyond a reasonable doubt that on or about the 16th day of February 1986, in Nueces County, Texas, the defendant, Paul Nugent, did then and there by accident and mistake, and by reason of such intoxication, *cause* the death of Marcus Anthony Meza, Jr., you will find the defendant guilty of involuntary manslaughter. Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant. (Emphasis added).

Appellant objected to the charge not applying the law to the facts of the case.

Appellant's counsel specifically pointed out that the charge properly set out the law generally, but in setting out the "facts to the law ... it (the charge) leaves the issue of the word 'cause' still in general terms, ... and we object to that." Counsel for appellant then submitted a general idea of a proposal relative to applying the law of concurrent causation to the facts in this case and suggested the following:

> Therefore, in order to find the defendant guilty, you must believe beyond a reasonable doubt that the accident would not have occurred but for the intoxication of the defendant, if he was, operating either alone or concurrently with the conduct of Marcus Meza; and further, if you believe that Marcus Meza's conduct was clearly sufficient to cause the accident, and the defendant's intoxication was clearly insufficient to cause the accident, you must acquit the defendant.

The trial court overruled and denied appellant's objections.

The law of the case must come from the court, the facts must be decided by the jury, and the charge, to instruct the jury properly, must apply the law to the facts raised by the evidence. *Williams v. State*, 547 S.W.2d 18, 20 (Tex.Crim.App.1977). In holding that a complete failure to apply the law to the facts deprived the defendant of the fair and impartial trial to which he was entitled, the court, in *Williams*, stated:

> It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and to prevent confusion. A charge that does not apply the law to the facts fails to lead the jury to the threshold of its duty: to decide the fact issues. A charge that leaves application of the law to the facts solely in the hands of partisan advocates does not guard against the confusion that such partisan claims inspire.

*Id.*, 547 S.W.2d at 20.

The State does not contest the fact that concurrent causation was an issue, but contends that the charge did apply the law to the facts by requiring the jury to find that

appellant's conduct caused the death of Meza; however, while the charge contained an abstract definition of concurrent cause, no attempt was made to apply this term to the facts. The question we must resolve is whether it was error for the trial court to refuse to apply the law of concurrent causation to the facts.

An accused is entitled to a charge on every defensive issue raised by the evidence. *Rodriquez, v. State*, 544 S.W.2d 382, 383 (Tex.Crim.App.1977). An abstract instruction is not sufficient, but the law must be applied to the facts in the case. *Hill v. State*, 640 S.W.2d 879, 880 (Tex. Crim.App.1982); *Apodaco v. State*, 589 S.W.2d 696, 698 (Tex.Crim.App.1979).

There was evidence that Meza turned his vehicle into the path of appellant and that he failed to yield the right of way to appellant's vehicle. Appellant, while admitting he had been drinking intoxicating liquor prior to the collision, did not admit he was intoxicated. The testimony on the speed at which appellant's vehicle was traveling was conflicting.

A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence regardless of whether it is strong, feeble, unimpeached, or contradicted, and even if the trial court is of the opinion that the testimony is not entitled to belief. *Warren v. State*, 565 S.W.2d 931, 933 (Tex.Crim.App.1978).

The case of *Westbrook v. State*, 697 S.W.2d 791 (Tex.App.—Dallas 1985, pet. ref'd) is instructive. Westbrook was charged with involuntary manslaughter by causing a death by reason of (1) intoxication, (2) improper lane change, or (3) operating his car at an excessive speed. The court charged the jury in the words of Tex.Penal Code Ann. § 6.04 (Vernon 1974). Westbrook objected to the charge, contending it "fails to charge the jury that if Bromberg's (the deceased) driving caused the collision by improper lane change or there was a reasonable doubt thereof, then the jury should acquit the Defendant." In affirming the conviction, the court observed that the suggested instruction would have allowed appellant to be acquitted on a finding of contributory negligence, which was not a defense. Chief Justice Guittard went on to observe, at p. 793:

Perhaps a defense would have been presented under section 6.04 if the jury had found, pursuant to a proper instruction, that Bromberg's driving was "clearly sufficient" to cause his death and defendant's conduct was "clearly insufficient." Section 6.04 provides no standard, and we have found none, that would help determine when the conduct of a party, but for which the result in question would not have occurred, is "clearly sufficient" or "clearly insufficient" to produce the result. The practice commentary in the annotated statutes suggests that this language is used "to free the [penal] law from encrusted precedents on 'proximate causation,' offering a principle that will permit both courts and juries to begin afresh in facing problems of this kind." Being freed from "encrusted precedents," we are left without authoritative guidance. We conclude that causation, being a concept too difficult for lawyers or even for philosophers, is best left to a jury.

Appellant's objection and proposed instruction conforms to Chief Justice Guittard's suggestion.

We hold that the trial court should have applied the law of concurrent causation to the facts in this case and charged the jury that if they found Meza's conduct clearly sufficient to cause the accident and Nugent's clearly insufficient to cause the accident, they should acquit the defendant. Appellant's points of error one and two are sustained.

Appellant's point of error number three contends that the trial court erred in instructing the jury as to the legal presumption of intoxication. The charge of the Court included instructions in accordance with old art. 6701*l*–5, Sec. 3(a), Tex. Rev.Civ.Stat.Ann., which provided that a concentration of 0.10% by weight of alcohol in a person's blood created a presumption that that person was under the influence of intoxicating liquor. This presumption was

eliminated effective January 1, 1984, when Tex.Rev.Civ.Stat.Ann. 6701*l*–5 was amended. Under the statute in force at the time of the offense in question, a person with a blood-alcohol concentration of 0.10% is, by definition, intoxicated. Tex.Rev.Civ.Stat. Ann. 6701*l*–5, Sec. 3(j)(4)(B). Therefore, the charge relating to the legal presumption was an incorrect statement of the law. In determining the effect of this error in the court's charge, we must apply the principles of *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984). Since appellant properly objected to the charge, the error calls for reversal unless we determine, beyond a reasonable doubt, that the error made no contribution to the conviction or punishment. Tex.R.App.P. 81(b)(2).

In *Vargas v. State*, 697 S.W.2d 496 (Tex. App.—Corpus Christi 1985, no pet.), this Court held that the legislature expressly made the definition of intoxication contained in art. 6701*l*–5, applicable to Tex.Penal Code Ann. § 19.05 (Vernon Supp.1988). If this is true, appellant was not harmed by an instruction that the blood-alcohol content in this case raised a presumption of intoxication, since this instruction actually gave him an advantage in that a proper instruction would have been that intoxication was defined as a condition where the blood-alcohol content was 0.10.

On the other hand, *Lopez v. State*, 731 S.W.2d 682, 686–87 (Tex.App.—Houston [1st Dist.] 1987, no pet.) holds, contrary to *Vargas*, that the definition set out in 6701*l*–5 regarding intoxication does not expressly apply to section 19.05, as that penal statute contains its own definition of intoxication. If the *Lopez* decision is correct, then we cannot say that the instruction of a presumption of intoxication under the prior law was harmless.

After further consideration of the relationship between 6701*l*–5 and section 19.05, we find that the purpose of 6701*l*–5 is to imply consent of those who operate vehicles on the public highways of Texas to certain tests to establish the percentage of blood-alcohol content in such persons suspected of being intoxicated, setting up procedures for such testing, the refusal there-

of, and establishing administrative procedures to enforce such implied consent. In addition, it makes the results of tests administered under the statute admissible in evidence in cases under section 19.05. We agree with *Lopez*, that section 19.05 contains its own definition of intoxication and that definition is the only one applicable to such offense. Accordingly, we overrule language to the contrary in *Vargas*. We sustain appellant's point three.

By points four through eight, appellant alleges error in sentencing appellant to 120 days in jail as a condition of probation. He argues that Tex.Code Crim.Proc.Ann. art. 42.12 § 6b(c) (Vernon Supp.1988) is vague, violates Tex. Const. Art. II, § 1, denies equal protection of laws to criminal defendants, and conflicts with Tex.Code Crim. Proc.Ann. art. 37.07 § 2(b) (Vernon Supp. 1988). Article 42.12 § 6b(c) provides that "A court granting probation to a defendant convicted of an offense under section 19.05 of the Penal Code shall require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of confinement of not less than 120 days."

■ Appellant first cites article 37.07 § 2(b), which provides that when a defendant elects in writing to have the jury set punishment, the punishment shall be assessed by the same jury. Appellant argues, in essence, that article 42.12 § 6b(c) usurps the jury's function because even though a jury may grant probation, a defendant is nonetheless required to serve jail time. In *State v. Garza*, 709 S.W.2d 18, 20 (Tex.App.—Corpus Christi 1986) (orig. proceeding), we said that it was proper for the trial judge to require confinement as a condition even when a jury recommends probation in their verdict. We held that article 42.12 § 6b(c) unmistakably requires the trial court to include a term of confinement as a condition of probation. *Id.*

It is unquestionably a legislative function to establish a range of punishment for violations of Tex.Penal Code Ann. § 19.05. It has been held that the safety of the public forms a rational basis for confinement of 120 days as a condition of probation.

*Hypke v. State,* 720 S.W.2d 158, 160 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd); *Lopez v. State,* 709 S.W.2d 744, 745 (Tex.App.—San Antonio 1986, pet. ref'd). We believe that the legislature did not overstep its broad authority in mandating confinement as a condition of probation.

■ Appellant also argues that because there is no maximum amount of time to be incarcerated as a condition of probation, the statute is unconstitutionally vague. This precise issue has already been addressed by two courts of appeals in *Townsend v. State,* 725 S.W.2d 463, 464 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd) and *Hypke,* in which both defendants received the minimum period of confinement as a condition of probation as did appellant in this case. In *Townsend,* the court held that it was incumbent upon the defendant to demonstrate that the statute was unconstitutional to him, in his situation. *Id.* at 464. The court reasoned that because the defendant received the shortest term possible as a condition of probation, he had not demonstrated that the statute was unconstitutional, and therefore he had no standing to challenge its constitutionality. *Id.* We agree with the reasoning of those courts and overrule appellant's point of error.

■ Appellant also argues that article 42.12 § 6b(c) denies equal protection of law to criminal defendants. He argues that it is unreasonable and irrational. Considerations for public safety form a rational basis for the legislature to require a mandatory confinement of 120 days as a condition of probation. *Hypke,* 720 S.W.2d at 160. We find that the statute does not deny equal protection of law to criminal defendants. *Lopez,* 709 S.W.2d at 745. We overrule points four through eight.

■ By appellant's ninth point of error, he argues the evidence is insufficient to sustain the conviction. The standard of review of sufficiency of the evidence is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McGoldrick v. State,* 682 S.W.2d 573, 577 (Tex.Crim.App.1985).

A person commits the offense of involuntary manslaughter if by accident or mistake when operating a motor vehicle while intoxicated, he causes the death of an individual. Tex.Penal Code Ann. § 19.05(a)(2).

Sharon Markey, a retired registered nurse, witnessed the accident and was one of the first to arrive on the scene. She described appellant as having had something to drink and testified that he was also in shock from the accident. Alex Yanez testified that a black car passed the car in which he was a passenger going very fast and weaving. He described defendant as being the driver of the car. Yanez said he noticed beer cans outside appellant's car, but he said appellant did not have similar motions to that of an intoxicated person. Nancy Lee, a police officer dispatched to the scene, testified that appellant's state of intoxication was "extreme." His eyes were bloodshot, he didn't know what was going on around him, and he was so uncoordinated that he couldn't get his driver's license out of his wallet. She testified that Mr. Meza, the driver of the other vehicle, also smelled of alcohol, but she didn't feel he was intoxicated. Kelly Lewis, another police officer, testified that appellant could hardly stand up, smelled strongly of alcohol, was disoriented, had bloodshot eyes, and was generally drunk. Officer Lloyd Lipton testified that appellant appeared very intoxicated. The laboratory report analyzing appellant's blood showed his blood alcohol concentration was 0.19%.

There was evidence that prior to the accident, appellant was traveling very fast. Trooper Aguilar, an accident reconstructionist, estimated the minimum speed of appellant's car before impact at 72 miles per hour. Sergeant Yates testified that but for appellant's conduct, the accident would not have happened.

On the other hand, there was testimony that Meza was coherent, not intoxicated, and had no slurred speech, even though there was testimony that he had smoked marijuana and had some alcoholic beverage

earlier in the evening. Appellant's attorney attempted to persuade the jury on the theory that appellant's actions were consistent with either shock or concussion. This theory was before the jury and it was rejected. We believe the evidence was sufficient to convict appellant. We overrule point of error number nine.

The judgment of the trial court is reversed and the cause remanded for a new trial.