

# IN THE
## TENTH COURT OF APPEALS

### No. 10-18-00152-CR

MICHAEL SCOTT CHASTAIN,

                                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                                    Appellee


**From the 220th District Court**
**Bosque County, Texas**
**Trial Court No. CR15457**


## MEMORANDUM  OPINION


Michael Scott Chastain challenges his conviction for four counts of possession of

child pornography.  *See* TEX. PENAL CODE ANN. § 43.26(a)(1).  Chastain contends that the

evidence is legally insufficient to support the trial court's finding that he possessed child

pornography and that the court abused its discretion by excluding evidence relevant to

his affirmative defense.  We will affirm.

Chastain was charged by indictment with five counts of possession of child pornography. After a bench trial, Chastain having waived his right to trial before a jury, the State abandoned count three of the indictment and continued its prosecution on counts one, two, four and five. The trial court found Chastain guilty of the remaining four counts and assessed his punishment at ten years in the Institutional Division of the Texas Department of Criminal Justice and placed Chastain on community supervision for ten years on each count, stacking counts four and five on counts one and two.

In Chastain's first issue he complains that the evidence is legally insufficient to support the trial court's finding that he possessed child pornography.

The Court of Criminal Appeals has defined our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. . . . [The fact finder is] permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in

favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). . . . Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

The trial judge, when sitting as the sole trier of facts, is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony, *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App.1987), and cases cited therein; therefore, we will review the trial judge's findings and verdict to determine whether the evidence was sufficient to support appellant's conviction.

*Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995)

As alleged by the indictment in this case, Chastain did then and there intentionally and knowingly possess visual material that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct. *See* TEX. PENAL CODE ANN. §

43.26(a)(1) and (2). Counts one and two alleged a different manner and means than counts four and five.

Chastain's basis for his legal sufficiency challenge is his contention that the State failed to prove he possessed child pornography and proved that he only accessed child pornography on the internet. Section 43.26(a) of the Texas Penal Code prohibits "accessing" images of child pornography or "possessing" such images as alternate ways of committing the offense. *See* TEX. PEN. CODE ANN. § 43.26(a).

The evidence at trial included testimony from librarian Merschell Allen of the City of Clifton's Nellie Pederson Library. She reported to law enforcement that Chastain was using the library's computer and internet access to obtain graphic photos of young girls and then using the public printer to print out the graphic photos. Allen indicated that Chastain had been coming to the library almost daily and at times twice daily to use the computer and printer. She testified that Chastain would print several documents at once and that when sending items to the printer the first few pages were of a benign nature followed by the graphic photos. The print outs would be counted by library staff and Chastain charged a fee per page. During the counting process, Allen noticed the nature of the images. Before using library computers, Chastain would place his initials on a paper sign-in form that kept track of the particular computer being used and the time of use. The computer sign-in form was kept at the front desk of the library. At the main library service desk, library staff would log in Chastain's library card number and note that he was "checking out" a computer by the computer's designated number. State's

Exhibit 78, a computer-generated list of each occasion Chastain checked out a computer, was introduced into evidence.

Clifton Police Officer Zachary Watson testified that he conducted an investigation and initially reviewed the internet browser's history on the computer used by Chastain. Watson further testified after his review of the computer's internet browser history he concluded that a crime had been committed and that child erotica[1] or child pornography had been accessed on the computer. Watson enlisted the assistance of a computer technician to assist in the investigation. The technician recommended that a key logger be installed on the computer so that keyboard keystrokes would be recorded along with photos of the contents of the screen. Watson installed the key logger software as recommended and was able to recover the keystroke history and multiple images of what he considered to be child erotica and child pornography. Watson's Chief then contacted the Attorney General's child exploitation unit for assistance with the investigation, and Sergeant Gary Marquis was assigned to assist. After Marquis reviewed the investigation, he determined that some of the images depicted child pornography.

The investigation revealed Chastain did not have a valid driver's license, so Watson and Clifton Chief of Police Trace Hendricks waited for Chastain to leave the library one day then pulled him over and placed him under arrest. Chastain was then taken to the Clifton Police Department and interviewed by Marquis and Hendricks.

---

[1] Sec. 43.262 of the Penal Code, prohibiting Possession or Promotion of Lewd Visual Material Depicting Child and commonly referred to as Child Erotica was enacted by Acts 2017, 85th Leg., R.S., Ch. 350 (H.B. 1810), Sec. 1, eff. September 1, 2017. (effective after the date of this alleged offense).

Watson stayed behind and conducted an inventory search of the pickup and found several images of child erotica and child pornography under the center console. Watson also gathered the most recent information from the key logger on the library computer used by Chastain. After obtaining a warrant Watson conducted a search of Chastain's house and found magazines and photos of child erotica and child pornography.

Sergeant Marquis summarized his interview with Chastain who admitted to searching for, collecting, and printing the images in his research for a thesis paper. At trial, Marquis detailed the process that was used to determine whether the images were child pornography and concluded that several of the images constituted child pornography.

During the trial, images obtained from the key logger's screenshots during the time Chastain used the library computer were admitted as State's Exhibits 3-67. Marquis testified that five of the State's Exhibits constituted child pornography under section 43.26(a) of the Texas Penal Code. State's Exhibits 1 and 2, the web browser's history, were admitted into evidence and reflect websites that were viewed by Chastain. Watson testified that one website viewed by Chastain was a Russian domain that contained a forum for child pornography.

Chastain testified that he had been going to the library for thirteen to fourteen months to conduct research for an article he was writing on the issue of why a parent would allow their child to be sexualized. He was "getting pictures of inappropriately dressed girls or young ladies, women . . . ." Chastain testified that he did not think he was looking at "porn," that he thought the individuals depicted were certified legitimate

models, and that he thought that their parents had signed off on the images and authorized them. On cross examination, Chastain said he was accumulating the photos to show as a collage. He was under the impression that illegal pornography websites would have been blocked because it was a government computer at the library. He added that he knew the librarians looked at all of the photos he printed because they had to count them and if he was looking at inappropriate images the librarians would say so. After his arrest he thought "why didn't somebody say anything, you know, I mean, just absolutely anything, say hey man, you can't look at stuff like that or anything like that." Chastain testified as follows:

> Chastain: And the -- the deal where it was just -- what -- what y'all show here -- like the last two months or the last two days or three days or February 24th through 27th, that's just a snapshot.
>
> Prosecutor: I wouldn't disagree with that.
>
> Chastain: That's just a snapshot. That's not -- that's not what I was printing out and doing everyday[sic], any of that.

Chastain's custodial interview was admitted in evidence and in it Chastain admits to searching the internet for images and information for his research project dealing with sex, violence and sexualization of children. He identifies pornographic images of children presented to him by Marquis as images he viewed on the library computer. He repeatedly states that if there is anything wrong with the images he has been viewing on the library computer that he will stop and that it was all for his research project.

A child pornography case must be analyzed on its own facts. *Wise v. State*, 364 S.W.3d 900, 905 (Tex. Crim. App. 2012). For cases involving computer-pornography a

court must assess whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence considered in the light most favorable to the verdict. *Id.*

In this case, much like *Wise v. State,* all that remained at the time of trial was a historical record of previously viewed images of child pornography. In *Wise* the deleted images remained on the free space of a computer hard drive and were accessible to only those with advanced technical skill. Here all that remained were screen shots of child pornography collected by a key logger program installed on the library computer checked out to Chastain. The Court of Criminal Appeals in analyzing the sufficiency of the evidence in *Wise* stated that "[b]ecause appellant was not presently able to access the images, the jury would have had to determine that, before the images were deleted, appellant knowingly or intentionally had care, custody, control, or management of the images. *See* TEX. PENAL CODE §§ 1.07(a)(39) & 43.26(a)." *Id.*

The trial court could have reasonably determined from the evidence that Chastain used the library computer for months to view and print graphic photos of children, and that he had conducted internet searches for "r u images girls candid models" and graphic images were obtained on websites with the ".ru" extension. That Officer Watson clicked on one of the ".ru" extension websites and discovered a forum for child pornography on the internet browser history of the computer Chastain had been using at the library. Chastain admitted that he visited the websites for research and what was shown in court was just a snapshot of a two-to-three-day period not what he was printing and doing every day while on the computer. The trial court could have reasonably inferred from

the cumulative force of all the evidence considered in the light most favorable to the verdict that Chastain knowingly and intentionally had care, custody, control, or management of the images while the library computer was checked out to him. We overrule Chastain's first issue.

In Chastain's second issue he complains that the court abused its discretion by excluding evidence relevant to his affirmative defense. Here Chastain offered a collection of articles to support his affirmative defense that he was conducting research for a *bona fide* educational purpose. *See* TEX. PEN. CODE ANN. § 43.26(c) and § 2.04.

A trial court's decision to admit or exclude evidence is subject to an abuse of discretion standard of review. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A court abuses its discretion if its decision lies outside the zone of reasonable disagreement. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). An abuse of discretion may also occur when a trial court's decision is arbitrary or unreasonable or if it is made without reference to any guiding rules or principles. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); *Howell v. State*, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005). This is because trial courts are in the best position to decide whether certain evidence should be admitted or excluded. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). Generally, an appellate court will affirm the trial court's ruling if it is correct under any theory of law applicable to the case. *See State v. Esparza*, 413 S.W.3d 81, 89–90 (Tex. Crim. App. 2013). "Erroneous evidentiary rulings rarely rise to the level of denying the fundamental constitutional rights to present a meaningful defense." *Potier v. State*, 68 S.W.3d 657, 663

(Tex. Crim. App. 2002). "A defendant has a fundamental right to present evidence of a defense as long as the evidence is relevant and is not excluded by an established evidentiary rule." *Miller v. State*, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001).

> If we determine the trial court's exclusion of evidence to be an abuse of discretion, then we must determine whether that error was harmful. *See* TEX. R. APP. P. 44.2. The erroneous exclusion of evidence generally constitutes nonconstitutional error and is reviewed under Texas Rule of Appellate Procedure 44.2(b). *Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007). However, the improper exclusion of evidence may raise a constitutional violation if the evidence forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense. *Potier v. State*, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002); *see also Wiley v. State*, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002) (erroneous exclusion of evidence is a constitutional violation if it "effectively prevents the defendant from presenting his defensive theory," or in other words, if the ruling "goes to the heart of the defense"). In that case, the more stringent standard in Rule 44.2(a) is applied, and we will review the entire record and must reverse the judgment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a); *Simpson v. State*, 119 S.W.3d 262, 269 n. 5 (Tex. Crim. App. 2003).

*Saenz v. State*, 474 S.W.3d 47, 54 (Tex. App.—Houston [14th Dist.] 2015, no pet.)

Exclusion of evidence might rise to the level of a constitutional violation if: (1) a state evidentiary rule categorically and arbitrarily prohibits the defendant from offering otherwise relevant, reliable evidence vital to his defense; or (2) a trial court's clearly erroneous ruling results in the exclusion of admissible evidence that forms the vital core of a defendant's theory of defense and effectively prevents him from presenting that defense. *Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007).

During the trial, the recorded custodial statement that was admitted in evidence included Chastain saying he was conducting research on the topic of sex, violence and

sexualization of children. Chastain then testified extensively during the trial about the fact that he was conducting research and had a collection of articles, some of which he printed from internet resources. After Chastain's arrest he said he was so humiliated and disgusted that he threw out most of his research. When Chastain offered the collection of articles into evidence the State objected on the grounds that the articles contained hearsay and "did not appear to have any bearing or relevance to the testimony . . ." Chastain clarified that the offer was not for the truth of the matter asserted but only to show that he was in fact conducting research. The trial court ultimately sustained the State's objection and declined to admit Chastain's exhibit.

While the State objected on the grounds of hearsay and relevance, Chastain limited the offer of the exhibit not to prove the truth of the matter asserted, but to prove research had been performed. Chastain's limitation of the offer removed hearsay as a ground for exclusion of the exhibit. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. TEX. RULE EVID. 401. Even if the exhibit was relevant, the court could have determined that its probative value was outweighed by considerations of needless presentation of cumulative evidence. *See* TEX. RULE EVID. 403; *Nevarez v. State*, 832 S.W.2d 82, 86 (Tex. App—Waco 1992, pet. ref'd). In the State's case, Hendricks testified Chastain indicated to him that he was writing a research paper titled along the lines of violence and sex. Marquis testified Chastain stated that he was searching for, collecting, and printing the images as part of research for a thesis to be titled "sex and violence and the effects on children of how they dress." In the custodial interview

Chastain claimed that he was searching the internet as part of a research project. Chastain chose to testify during the trial that he was conducting research into sexualization of children and its effects during his direct examination and under cross examination. By the time the exhibit was offered into evidence there was ample evidence before the trial court of Chastain's affirmative defense. We overrule Chastain's second issue.

Having overruled Chastain's issues, we affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Neill, and
      Justice Johnson
Affirmed
Opinion delivered and filed April 28, 2021
Do not publish
[CR25]

